IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL J. HARRIS,

      Plaintiff,

v.                               Civil Action No. 5:05CV17
                                              (STAMP)

UNITED STATES OF AMERICA,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**[1]


I. Procedural History

On February 14, 2005, the plaintiff, Paul J. Harris ("Harris"), filed a "verified" complaint against the defendant, the United States of America, alleging wrongful disclosures of confidential tax return information in violation of 26 U.S.C. § 7431. (Compl. at 1.) On June 3, 2005, this Court entered an order striking the plaintiff's jury demand. In May 2006, the defendant filed a motion in limine to prevent the plaintiff from introducing two categories of testimony and other evidence at trial. There was no response to those motions. On June 29, 2006, this Court entered an order granting the defendant's motion in limine.

On May 12, 2006, the plaintiff filed a motion for partial summary judgment, to which the defendant responded. On May 12,

---

[1]This memorandum opinion and order confirms in greater detail the tentative rulings given to counsel by letter dated June 28, 2006.

2006, the defendant filed a motion for summary judgment, to which the plaintiff responded. For the reasons set forth below, this Court finds that the plaintiff's motion for partial summary judgment must be denied and the defendant's motion for summary judgment must be granted in part and denied in part.

## II. Facts

This action arose from allegedly wrongful disclosures by Special Agent Richard Razzetti ("Razzetti") of the Criminal Investigative Division of the Internal Revenue Service ("IRS") that occurred during a grand jury tax investigation. In a letter dated June 10, 2003, the Department of Justice authorized the United States Attorney for the Northern District of West Virginia to use the grand jury process to investigate any potential violations by plaintiff Harris of the Internal Revenue Code and other related offenses that plaintiff may have been committed from 1995 until 2002.

The plaintiff alleges that he was approached by Agent Razzetti to answer some questions. During the meeting, the plaintiff allegedly requested that Agent Razzetti refrain from contacting the plaintiff's wife because the plaintiff felt it would adversely affect his marriage. The plaintiff alleges that on July 8, 2003, the plaintiff's and/or the plaintiff's wife's bank records were subpoenaed by Agent Razzetti.

Agent Razzetti then contacted numerous third parties to inquire about the plaintiff. In February 2004, Agent Razzetti met with Fred Bates, the brother of the plaintiff's wife, and allegedly informed Fred Bates that the plaintiff was going to prison for five years, that the plaintiff's wife was also going to jail for five years and that Fred Bates should be concerned about the plaintiff's children. That same month, the plaintiff also asserts that the agent told Judy Harris, the plaintiff's wife, that both she and her husband, the plaintiff, were going to go to prison for five years. In addition, Agent Razzetti allegedly stated that the plaintiff should not get a lawyer and should plead guilty now to a misdemeanor or the plaintiff will have to serve five years. Agent Razzetti then allegedly contacted Todd Williams ("Williams"), who had assisted the plaintiff in filing his previous tax returns. The agent allegedly informed Williams that he was performing an investigation of the plaintiff. Agent Razzetti also allegedly asked Williams if he could have copies of some of the plaintiff's previously filed tax returns unrelated to this investigation.

The plaintiff also asserts that Agent Razzetti informed Karen D'Amico ("D'Amico") that there was a criminal investigation of the plaintiff and the plaintiff was not the person D'Amico thought he was. Agent Razzetti then allegedly stated that "there's plenty of evidence that shows that he [plaintiff] does not pay his taxes, and when people don't pay their taxes they go to jail." (Pl.'s Resp.

Mot. Summ. J. Ex. 7 at 5.) Agent Razzetti allegedly informed Roy Bates that he had witnesses to testify against the plaintiff in the criminal case. (Pl.'s Resp. Mot. Summ. J. Ex. 6.) The plaintiff asserts that Agent Razzetti also asked Veronica Mushet ("Mushet") if the plaintiff had "any money buried anywhere" and asked in a rude voice: "He's running for mayor?" (Pl.'s Resp. Mot. Summ. J. Ex. 8.)

Finally, in March 2004, the plaintiff asserts that Agent Razzetti knowingly coerced Michael Catron into signing a materially false statement. The plaintiff states that the agent then used the false statement in his report, which was forwarded to the Department of Justice in Washington, D.C.

The plaintiff is seeking the greater of $1,000.00 for each unauthorized disclosure or punitive damages and the costs of reasonable attorney's fees for the alleged wrongful disclosures of return information, in violation of 26 U.S.C. § 6103(b)(2), to Michael Catron, Veronica Mushet, Karen D'Amico, Todd Williams, Fred Bates, Roy Bates and Judy Harris.[2] 28 U.S.C. § 7431(c).

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[2]The plaintiff indicated in the proposed pretrial order and at the pretrial conference that there are no actual damages as an element of punitive damages under § 7431(c).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## IV. <u>Discussion</u>

Title 26, United States Code, Section 7431(a)(1) confers upon a taxpayer a cause of action for a knowing or negligent violation of § 6103. Further, § 7431 applies to the disclosure of "return or return information" in violation of § 6103(b)(2), which states that:

> (2) Return information. The term "return information" means --
>
> > (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits,

6

> assets, liabilities, net worth, tax liability,
> tax withheld, deficiencies, overassessments,
> or tax payments, whether the taxpayer's return
> was, is being, or will be examined or subject
> to other investigation or processing, or any
> other data, received by, recorded by, prepared
> by, furnished to, or collected by the
> Secretary with respect to a return or with
> respect to the determination of the existence,
> or possible existence, of liability (or the
> amount thereof) of any person under this title
> for any tax, penalty, interest, fine,
> forfeiture, or other imposition, or offense,
>
> . . .
>
> but such term does not include data in a form which
> cannot be associated with, or otherwise identify,
> directly or indirectly, a particular taxpayer. Nothing
> in the preceding sentence, or in any other provision of
> law, shall be construed to require the disclosure of
> standards used or to be used for the selection of returns
> for examination, or data used or to be used for
> determining such standards, if the Secretary determines
> that such disclosure will seriously impair assessment,
> collection, or enforcement under the internal revenue
> laws.

26 U.S.C. § 6103(b)(2).

A.  <u>Plaintiff's Motion for Partial Summary Judgment</u>

In his motion for partial summary judgment, the plaintiff asserts that no issue of material fact exists as to paragraphs 1 through 12 of the complaint, and thus, paragraphs 1 through 12 should be dismissed on summary judgment.

The defendant responds that the plaintiff's motion for summary judgment must be denied because it is a request for declaratory judgment on specific facts. Specifically, the defendant asserts that the plaintiff is requesting declaratory determinations that:

(1) the IRS revenue officers allegedly assured him that his conduct was lawful; (2) the plaintiff engaged in conduct based upon his reasonable reliance on the revenue officer's assurances; and (3) the plaintiff has cooperated with the revenue officers and is in compliance as to the filing of his tax returns.

The plaintiff focuses his motion for summary judgment on paragraphs 5, 6 and 7 of the complaint. Paragraph 5 of the complaint states that a revenue officer gave the plaintiff explicit instructions on how to amend his tax returns. Paragraph 6 of the complaint then states that the plaintiff met with a second revenue officer who confirmed the instructions the plaintiff received from the first officer. Paragraph 7 of the complaint states that the plaintiff met with two revenue officers and has "now filed all of his personal returns and is in full compliance as to filing . . . ." (Compl. ¶ 7.)

This Court finds that the plaintiff's motion for partial summary judgment must be denied because the Declaratory Judgment Act prohibits courts from entering declaratory judgments as to a taxpayer's federal tax liability. In this civil action, paragraphs 1 through 12 of the complaint are facts involving federal tax issues and liability. Specifically, the plaintiff focuses on paragraphs 5, 6, and 7, which are requesting a declaration from this Court as to the reasonableness of the plaintiff's conduct before the grand jury investigation. The Fourth Circuit has

addressed the issue of declarations of facts in federal tax cases in Professional Engineers, Inc. v. United States, 527 F.2d 597, 600 (4th Cir. 1975), by stating that "the Declaratory Judgment Act expressly excludes actions with respect to federal taxes." Pursuant to Professional Engineers, Inc., this Court concludes that it cannot issue a declaration with respect to facts involving federal tax issues. Id. Accordingly, this Court finds that the plaintiff is not entitled to summary judgment on paragraphs 1 through 12.

B.    Defendant's Motion for Summary Judgment

The defendant argues in its motion for summary judgment that Agent Razzetti's statements do not constitute "return information" as defined by the Internal Revenue Code. (Def.'s Mot. Summ. J. at 3-9.) Specifically, the defendant asserts that the disclosures are not return information because the information lacks the required statutory connection to the IRS.

In response, the plaintiff asserts that Agent Razzetti was a special agent of the Secretary of the Treasury pursuant to § 6103 and that the Internal Revenue Manual confirms that "participation in a grand jury investigation does not suspend the special agent's conformance to disclosure provisions under 26 U.S.C. § 6103." (Pl.'s Resp. Mot. Summ. J. at 1 Ex. 9 (citing I.R.M. § 9.3.1.3.1.1).)

1.  <u>Return Information Prepared by the Secretary</u>

When the statute is read as a whole, "section 6103 is clearly designed to protect the information flow between taxpayers and the IRS by controlling the disclosure by the IRS of information received from taxpayers." <u>Stokwitz v. United States</u>, 813 F.2d 893 (9th Cir. 1987). While § 6103 broadly defines "return information," it is restricted to data obtained or prepared by the Secretary. <u>See</u> <u>Ryan v. United States</u>, 74 F.3d 1161 at 1163 (11th Cir. 1996). "Consequently, the statutory definition of 'return information' confines it to information that has passed through the IRS." <u>Id.</u> The purpose of the statute is to control loose disclosures by governmental employees who obtain tax returns and return information as a result of this information being filed by or on behalf of the taxpayer with the IRS. <u>Id.</u>

The defendant argues that the information disclosed by Agent Razzetti was not "return information" because Razzetti was an agent of the grand jury and the information collected and disclosed "did not 'pass through' the IRS." (Def.'s Mot. Summ. J. at 7.) In making this argument, the defendant asserts that the grand jury is established under Article III of the Constitution.

First, this Court must note that the defendant is incorrect in its assertion that the grand jury is a judicial body established under Article III of the Constitution. <u>Id.</u> at 5. The grand jury is guaranteed by the Fifth Amendment. <u>See</u> U.S. Const. amend. V.

See also Susan M. Schiappa, Note, <u>Preserving the Autonomy and Function of the Grand Jury: United States v. Williams</u>, 43 Cath. U. L. Rev. 311, 324-25 (1993)(part B, discussing the history of the grand jury). Thus, the grand jury is not authorized by an Article of the Constitution.

Second, this Court disagrees with the defendant's interpretation that the information disclosed by Agent Razzetti was not "return information" because Razzetti was an agent of the grand jury and the information collected and disclosed "did not 'pass through' the IRS." <u>Id.</u> at 7. This Court refuses to add a judicially created exception to those numerous specific exceptions set forth by Congress in § 6103. <u>See</u> <u>Mallas v. United States</u>, 993 F.2d 1111, 1120 (4th Cir. 1993).

Section 6103 establishes specific conditions for the IRS's dissemination of information received from taxpayers to discrete identified parties. 26 U.S.C. § 6103. The plaintiff asserts that subsections (h) and (i), which provide for disclosures in connection with investigations, do not provide an exception for Agent Razzetti's disclosures. Subsection (h) permits "the Secretary" to make disclosures to certain officers and employees for purposes of tax administration. Subsection (h)(2) permits the disclosure of information to officers and employees of the Department of Justice for the use in any proceeding before a federal grand jury or in preparation for an investigation which may

result in a federal grand jury, subject to certain restrictions. Id. at (h)(2). Subsection (i) authorizes disclosure of information to federal officers or employees for use in criminal investigations, not related to tax administration, as long as the federal agency is personally and directly engaged in an investigation, grand jury or judicial or administrative proceeding. Id. at (i)(1)(A)(i), (ii) and (iii). With respect to disclosures of return information by IRS employees, the Fourth Circuit in Mallas, stated that "[u]nless the disclosure is authorized by a specific statutory exception, section 6103 . . . prohibits it."

This Court finds that the Agent Razzetti is an employee of the Treasury Department. Pursuant to § 6103, Agent Razzetti is authorized to provide information to federal employees for use in investigations for tax and non-tax administration, subject to certain restrictions set forth in the statute. 26 U.S.C. § 6103(i)(3) (emphasis added). There is no exception in § 6103 that expressly states that an IRS agent, who is investigating on behalf of the grand jury, is no longer considered part of the Treasury Department for purposes of this section. The Fourth Circuit in Mallas, 993 F.2d at 1120, stated that "if Congress had intended the construction . . . it would have spoken in the clause at issue." Thus, if Congress had intended an IRS agent assisting in a grand jury investigation to no longer be considered an

employee of the Treasury Department, Congress would have expressly stated that in the appropriate clause.

In addition, the plaintiff cites § 9.3.1.3.1.1 of the Internal Revenue Manual, which states that "participation in a grand jury investigation does not suspend the special agents conformance to disclosure provisions under 26 U.S.C. § 6103." (Pl.'s Resp. Mot. Summ. J. at 1 Ex. 9 (citing I.R.M. § 9.3.1.3.1.1).) Accordingly, this Court finds that Agent Razetti is an employee or special agent of the Secretary pursuant to § 6103.

2. "Return Information"

As stated above, "return information" consists of, among other things, a taxpayer's identity and information as to "'whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing," which is "prepared by or collected by the Secretary . . . with respect to the determination of the existence, or possible existence, of liability." 26 U.S.C. § 6103(b)(2).

The defendant asserts that even if there were disclosures made by Agent Razzetti, the alleged disclosures are not return information by definition because the allegations were threats and offensive remarks. The plaintiff responds that there is no grand jury exception that allows IRS agents to disclose return information and the information disclosed by Agent Razzetti was "return information" pursuant to § 6103(b)(2)(A).

Further, the plaintiff states that the defendant does not raise the exception stated in § 6103(k)(6) but if it does, the plaintiff is prepared to discuss this exception. However, the defendant did assert in its motion for summary judgment that § 6103(k)(6) authorized the disclosure of information, but only as to the information given to Karen D'Amico. The defendant did not address § 6103(k)(6) in its reply. Thus, this court will only address this exception with respect to Karen D'Amico.

### a. Threats as "Return Information"

The defendant argues that threats and offensive remarks made by Agent Razzetti to third parties during the course of the grand jury investigation are not return information. The defendant states that "information the IRS maintained was treated as a 'generalized governmental asset.'" Stokwitz v. United States, 831 F.2d 893 (9th Cir. 1987), cert. denied, 485 U.S. 1033 (1988).

The defendant asserts that "important policy considerations are furthered by not treating threats or offensive remarks as return information." (Def.'s Mot. Summ. J. at 10.) This Court finds this argument unpersuasive. Agent Razzetti is an agent of the IRS. While Agent Razzetti may be assisting a grand jury investigation, he is still an IRS agent and he is not exempt from violations under § 6103. See supra, § B.1.

Further, § 6103 provides a detailed definition for return information. As stated above, return information must include

certain details, such as the taxpayer's name, information that the taxpayer is under investigation or any other data "received by, recorded by, prepared by, furnished to or collected by the Secretary." The definition does not say that threats or offensive remarks cannot be return information. 26 U.S.C. § 6103. See Mallas, 993 F.2d at 1120 (noting that it is not the court's job to add a judicially created exception to those set forth by Congress in § 6103.) Again, this Court refuses to create an exception to the definition of "return information" that was not provided for by Congress. Accordingly, if the threat or offensive remark contains the required information, then it is included as "return information" pursuant to § 6103(b)(2).

     b.  <u>Disclosures of Return Information</u>

The plaintiff asserts that there were six disclosures in violation of § 6103(b)(2). First, the plaintiff asserts that Agent Razzetti met with Fred Bates, the plaintiff's brother-in-law, and told him that the plaintiff "was going to prison for five years and plaintiff's wife was going to prison for five years and that (Fred Bates) should be concerned about plaintiff's children." (Compl. ¶ 14(b).) Second, the plaintiff asserts that Agent Razzetti spoke to Judy Harris and informed her that he had spoken with Fred Bates to try to "get to her" and that the plaintiff was going to got to prison for five years, that she may also go to prison, that their children will be "orphaned," that the plaintiff should not get "all

lawyered-up" and should plead guilty now. (Compl. ¶ 14(c); Pl.'s
Resp. Mot. Summ. J. Ex. 5).  Third, the plaintiff asserts that
Agent Razzetti informed D'Amico that there was a criminal
investigation of the plaintiff and the plaintiff was not the person
D'Amico thought he was.  Agent Razzetti also allegedly stated that
"there's plenty of evidence that shows that he [plaintiff] does not
pay his taxes, and when people don't pay their taxes they go to
jail."  (Pl.'s Resp. Mot. Summ. J. Ex. 7 at 5.)  Fourth, the
plaintiff asserts that Agent Razzetti informed Roy Bates that he
had witnesses to testify against the plaintiff in the criminal
case.  (Pl.'s Resp. Mot. Summ. J. Ex. 6.)  Fifth, the plaintiff
asserts that Agent Razzetti asked Veronica Mushet if the plaintiff
had "any money buried anywhere" and asked in a rude voice: "He's
running for mayor?"  (Pl.'s Resp. Mot. Summ. J. Ex. 8.)  Finally,
Agent Razzetti allegedly contacted Williams and told him that he
was performing an investigation of the plaintiff and asked Williams
if he could have copies of some of the plaintiff's previously filed
tax returns that did not relate to this matter.

### (1)  Fred Bates and Todd Williams

This Court finds that Agent Razzetti disseminated return
information to Fred Bates and Todd Williams.  Agent Razzetti
informed each of these individuals that he was investigating the
plaintiff for potential criminal tax offenses.  Agent Razzetti met
with Fred Bates and allegedly told him that the plaintiff "was

16

going to prison for five years and plaintiff's wife was going to prison for five years and that (Fred Bates) should be concerned about plaintiff's children." (Compl. ¶ 14(b).)

With respect to Williams, Agent Razzetti allegedly informed Williams that he was performing an investigation of the plaintiff. The plaintiff asserts that Agent Razzetti even asked Williams if he could have copies of some of the plaintiff's previously filed tax returns which are unrelated to this investigation.

Based upon the definition of "return information," this Court concludes that the information disclosed to Fred Bates and Williams was return information because it contained the plaintiff's name and information that there was a pending criminal investigation. Accordingly, this Court finds that defendant's motion for summary judgment must be denied with respect to Fred Bates and Todd Williams.

(2) <u>Karen D'Amico</u>

The defendant asserts that the statements made to D'Amico were in response to a question she asked. The defendant states that Agent Razzetti did not "affirmatively disclose" the information to her. (Def.'s Mot. Summ. J. at 15.) The defendant asserts that Agent Razzetti provided the information for the purpose and only to the extent necessary to obtain further information in this investigation, which if it is return information, is authorized by § 6103(k)(6). (Def.'s Mot. Summ. J. at 15.)

Subsection (k) provides an exception for an Internal Revenue Service officer related to any criminal tax investigation or under any internal revenue laws,

> "disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation."

26 U.S.C. § 6103(k)(6).

Agent Razzetti allegedly informed D'Amico that there was a criminal investigation of the plaintiff and that "there's plenty of evidence that shows that he [plaintiff] does not pay his taxes, and when people don't pay their taxes they go to jail." (Pl.'s Resp. Mot. Summ. J. Ex. 7 at 5.) The defendant fails to cite to a regulation that would authorize these statements to be a disclosed under § 6103(k)(6).

Under subsection (k)(6) disclosures can be made to the extent that it is "necessary in obtaining information, which is not otherwise reasonably available." The defendant does not contend that Agent Razzetti's statements were for the purpose of obtaining any specific information that was not otherwise available. This Court finds that Agent Razzetti's statements were not questions and did not furnish him with information unobtainable from other sources.

18

This Court concludes that the alleged disclosure constitutes "return information" because the disclosure contained the taxpayer's name and information that the taxpayer was under a criminal investigation for tax related issues. Accordingly, this Court finds that return information was disclosed to Karen D'Amico and there was no exception that authorized the disclosure.

The defendant's motion for summary judgment must be denied as to Karen D'Amico.

### (3) <u>Judy Harris</u>

Agent Razzetti allegedly spoke to Judy Harris and informed her that the plaintiff was going to go to prison for five years, that their children will be "orphaned," that the plaintiff should not get "all lawyered-up" and that the plaintiff should plead guilty now. (Compl. ¶ 14(c); Pl.'s Resp. Mot. Summ J. Ex. 5.)

The defendant argues that Agent Razzetti did not telephone or contact Judy Harris and that Razzetti only provided information that Harris had already received from Fred Bates. The defendant further asserts that § 6103 requires "making [the data] known to any person," and thus, § 6103 was not violated "[b]ecause Bates had already communicated these facts to Judy Harris before she called Razzetti. . . ." (Def.'s Mot. Summ. J. at 20.) This Court disagrees. Section 6103 prohibits the disclosure of certain data by "making known to any person in any manner whatever a return or return information." There is no exception that states that if the

person already knew about the investigation that disclosure or dissemination of that information by the IRS rectifies the violation of wrongful disclosure. See <u>Mallas</u>, 993 F.3d at 120. As stated by the Supreme Court, "the fact that 'an event is not wholly 'private' does not mean that an individual has no interest in limiting disclosure or dissemination of the information.'" <u>Id.</u> (citing <u>United States Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 770 (1989))(citation omitted).

Based upon the above stated facts, this Court finds that the alleged disclosure by Agent Razzetti consisted of return information. Accordingly, this Court must deny the defendant's motion for summary judgment as to Judy Harris.

(4) <u>Roy Bates</u>

While the defendant does not request summary judgment with respect to Roy Bates, this Court will briefly discuss the alleged disclosure. The plaintiff asserts that Agent Razzetti informed Roy Bates that he had witnesses to testify against the plaintiff in the criminal case. (Pl.'s Resp. Mot. Summ. J. Ex. 6.) This statement is brief but does disclose the necessary elements to be considered "return information," which includes the name of the taxpayer and the fact that there is a pending criminal investigation against the taxpayer. See 26 U.S.C. § 6103(b)(2).

Accordingly, this Court finds that the alleged information disseminated by Agent Razzetti to Roy Bates constitutes return information.

### (5) Veronica Mushet

This Court finds that Agent Razzetti's alleged inquiries of Mushet do not constitute tax return information. The plaintiff asserts that Agent Razzetti asked Mushet if the plaintiff had "any money buried anywhere" and asked in a rude voice: "He's running for mayor?" (Pl.'s Resp. Mot. Summ. J. Ex. 8.) As stated above, "return information" must include that there is an investigation proceeding against the taxpayer or other data from the Secretary. See 26 U.S.C. § 6103(b)(2). Based upon the deposition of Mushet, Agent Razzetti did not disclose any information. Instead, he asked two questions. In asking these questions, there is no evidence that Agent Razzetti disclosed any tax or investigation information. Accordingly, this Court finds that Agent Razzetti did not disclose "return information" to Veronica Mushet as defined by § 6103 and summary judgment must be granted to defendant with respect to Veronica Mushet.

### (6) Michael Catron

With respect to Michael Catron, the plaintiff's counsel asserted at the pretrial conference that the plaintiff will strike Michael Catron as a witness with respect to any alleged wrongful

disclosures.  Accordingly, this Court grants the defendant's motion for summary judgment as to Michael Catron.

Therefore, as stated above, this Court finds that the defendant's motion for summary judgment must be denied with respect to Fred Bates, Todd Williams, Judy Harris, and Karen D'Amico.  Even though the defendant did not request summary judgment as to Roy Bates, this Court finds that it would be denied if requested.  The defendant's motion for summary judgment must be granted with respect to Michael Catron and Veronica Mushet.

## V.  Conclusion

For the reasons stated herein, the plaintiff's motion for partial summary judgment is hereby DENIED and the defendant's motion for summary judgment is GRANTED as to Michael Catron and Veronica Mushet and DENIED as to Fred Bates, Todd Williams, Judy Harris and Karen D'Amico.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   July 5, 2006


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE